**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VINCE DEANGELO,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:05-cv-1653-Orl-19DAB**

**BREVARD SECURITY SPECIALISTS,**
**INC., DAVID W. GRAHAM, JEFFREY W.**
**FARLESS,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 26)**
>
> **FILED:** October 23, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendants for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA") and comparable state law. Doc. No. 1. Following service of process (Doc. Nos. 7, 8, 20), Defendants failed to appear and Plaintiff moved for entry of a clerk's default (Doc. Nos. 10 & 22). A default against Defendants Brevard Security Specialists, Inc., and

David W. Graham was entered on January 17, 2006 (Doc. No. 10) and against Defendant Jeffrey Farless on July 26, 2006 (Doc. No. 22). Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. No. 26); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entries of default served to admit the well pled allegations of the Complaint. Plaintiff was employed as a security guard by Defendant Brevard Security Specialists, Inc., and Defendants David W. Graham and Jeffrey Farless (statutory employers under the FLSA with operational control) from September 28, 2004 through January 31, 2005. Doc. No. 26-2 ¶ 1. During his employment, Plaintiff's regular rate of pay was $10.00 per hour. *Id.* ¶ 2. Plaintiff worked 256 hours of overtime from September 28, 2004 to January 31, 2005. *Id.* ¶ 3. Defendants willfully failed to pay Plaintiff for 256 hours of overtime. As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime wages in the amount of $3,840.00 and liquidated damages of an equal amount, for a total of $7,680.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing

plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $2,378.00 for attorney's fees and $615.00 for costs. Plaintiff's counsel avers that he spent 4.0 hours of time prosecuting this matter, at an hourly rate of $250.00 per hour; his (former) associate spent 4.5 hours of time prosecuting this matter, at an hourly rate of $150.00 per hour; and his paralegal and administrative assistant[1] spent 7.4 hours at a rate of $95.00 per hour. Doc. No. 26-3. Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal/assistants appears reasonable for the tasks completed, with the exception of 0.6 of an hour spent preparing a notice of change of address. *Id.; see* Doc. No. 26-4. The Court finds $250.00 per hour to be a reasonable rate for senior attorney work, $150.00 per hour for associate work, and $95.00 for paralegal work in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants Brevard Security Specialists, Inc., and David W. Graham and Jeffrey Farless, jointly and severally, in the amount of **$7,680.00** in damages, **$2,288.00** in attorney's fees, and **$615.00** in costs (filing fee and service of process charges).

---

[1] Counsel's administrative assistant performed due diligence checks and other research in the nature of a paralegal. *See* Doc. No. 26-4.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 15, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy